# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3337 | **DATE** | 5/20/13 |
| **CASE TITLE** | James Guy (2012-0007260) vs. Zarate | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes and orders Will County Adult Detention Center officials to deduct $11.40 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Will County Adult Detention Center. The Clerk shall also: (1) issue summons for service of the complaint on the Defendant, (2) attach a Magistrate Judge Consent Form to the summons for Defendant and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for attorney representation [3] is denied without prejudice.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, James Guy, a pretrial detainee at the Will County Adult Detention Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.40. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on September 12, 2012, State Trooper Zarate stopped Plaintiff's vehicle while he was traveling on Interstate 57 near Monee, Illinois. Zarate proceeded to search Plaintiff's vehicle after Plaintiff refused to allow such search and Zarate allegedly found drugs in the engine compartment of the vehicle. Plaintiff was arrested and is awaiting trial on the charges brought against him.

Plaintiff alleges that Zarate conducted an illegal search and falsely arrested him. Plaintiff may proceed on his illegal search and false arrest claim against Zarate at this time. Plaintiff also alleges that Zarate gave false testimony to the grand jury resulting in Plaintiff's continued incarceration. Any claims based on Zarate's testimony to the grand jury are dismissed as barred by absolute witness immunity. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995); *Kincaid v. Eberle*, 712 F.2d 1023, 1024 (7th Cir. 1983). Lastly, in his claim for relief, Plaintiff seeks court action in his pending state criminal action, including having that case reviewed and "proper judgment" on his pending motion to suppress and motion to dismiss in state court. This court will not interfere with Plaintiff's ongoing state criminal proceedings and cannot grant any relief related to that pending state criminal action. *See Younger v. Harris*,

| STATEMENT |
|---|

401 U.S. 37, 53 (1971); *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995).

The United States Marshals Service is appointed to serve Defendant Zarate. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Illinois State Police employee who can no longer be found at the work address provided by Plaintiff, the Illinois State Police shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks attorney representation. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to request counsel for Plaintiff, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that granting Plaintiff the assistance of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to grant Plaintiff the assistance of counsel at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.